UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:25-cr-192-CEH-AAS

LEE HUGHES

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, under 18 U.S.C. § 3142(f)(1)(A), moves to detain Lee Hughes ("Hughes") pending trial and proffers information for the Court to consider under 18 U.S.C. § 3142(g) showing that Hughes poses a danger to the community and a risk of nonappearance if released.

### BACKGROUND

On April 24, 2024, a federal grand jury returned an indictment charging Hughes with one count of attempted transmission of harmful material, in violation of 18 U.S.C. § 1470.

In or around June 2024, Hughes messaged an undercover account indicating his interest in the undercover's purported nudist household and stated he'd been thinking about "getting into nude time at home." Hughes asked the undercover to chat more and referenced the undercover's photos on one of his online profiles. The undercover did not respond to the initial message. Within several days Hughes sent a second message to the undercover again asking if the two could connect. The undercover responded to this message and the two began communicating.

In the initial conversations, the undercover and Hughes discussed the undercover's purported "taboo" household. Hughes expressed interest in a sexually open household, stating "sounds like my dream life lol" and offered to babysit the undercover's purported nine-year-old minor female child, stating "could be sitting her with us both naked and waiting naked when you get home lol." Hughes further detailed, "I'd definitely love her on my lap lol" in reference to the purported nine-year-old minor female child.

On or about June 25, 2024, the undercover sent Hughes a photo of his purported nine-year-old minor female child, who was fully clothed. In response, Hughes sent a photo of an adult male erect penis, with a hand touching the base of the erect penis. Hughes subsequently messaged, "[s]hould show and see if she likes lol." On or about June 28, 2024, the undercover confirmed in conversation with Hughes that his purported daughter was nine years old.

From June 2024 until present day, Hughes consistently engaged in conversation with the undercover about the sexual abuse he'd like to inflict upon the purported nine-year-old minor female child. Their conversations also include various plans to meet up in person so Hughes could sexually abuse the undercover's daughter.

The following conversation, which took place on or about July 27, 2024, is a demonstrative of the types of conversations Hughes and the undercover engaged in:

| Hughes: | God you should ask her how she would like me kissing her special places down there and lapping at her with my tongue |
|---|---|

| Undercover: | Ugh. Way too hot there. Haha<br>I'd love to have her and see her do that.<br>Damn it's hot |
| --- | --- |
| Hughes: | Mmmm well ask her if she would like it and<br>if she would want my tongue in her. God I'd<br>slurp so deep! |
| Undercover: | Oh fuck yea.  I'm def gonna ask her and see.<br>Fuck Florida is so far. Hahaha |
| Hughes: | It's a fun place to visit though lol especially in<br>a seedy motel with a lil princess to fill with<br>cock hehe<br>Should ask if she wants to sit on my face and<br>then my cock too lol |

On several occasions, Hughes made reference to wanting child pornography of the purported nine-year-old female child. On or about October 5, 2024, after discussing details about booking a hotel room for the undercover officer and purported minor child, Hughes messaged:

> "Mmmm perhaps if you do enjoy her some you should
> snap a few pics lol get ready for some princess porno lol"

On or about November 28, 2024, Hughes messaged the undercover the following:

> "God I wish you could get her to pose like that on the bed at
> home with her legs open, tease me some and show me what I'll
> be burying my tongue and face into! Maybe spray her lil holes
> with your cum and rub it all over her"

On approximately ten different occasions between June 2024 and present, Hughes sent the undercover a picture of his erect penis or a video of him masturbating his erect penis with the instruction or request that the

undercover show it to his purported nine-year-old daughter. In several of the videos, Hughes' British accent is discernible. The following is an example of one of those conversations, which took place on or about January 4, 2025:

| Hughes: | [Sends a closeup photo of his erect penis] To help get the princess ready to dress slutty for me to see |
| --- | --- |
| Undercover: | Oh fuck. Soo hot to show her that Sorry been off! Crazy work shit and overtime. Need the $$$! |
| Hughes: | Oh I understand! You will have to tell me how she reacts when she see it lol Mmm maybe you can photograph or film her reaction lol |

On May 1, 2025, Hughes traveled to an agreed-upon location to meet the purported nine-year-old child with the intention of engaging in sexual intercourse with her. Hughes was arrested and admitted to his conduct in a post-*Miranda* interview.

Through law enforcement investigation, it has been discovered that Hughes has access to children approximately the same age as the purported minor child in this case; Hughes is a third-grade teacher, which is predominantly students who are eight and nine years old, and Hughes also has access to children through familial relationships within the seven- to ten-year-old age range.

## MEMORANDUM OF LAW

The Bail Reform Act of 1984 provides in 18 U.S.C. § 3142(a) that:

Upon the appearance before a judicial officer of a person charged with

an offense, the judicial officer shall issue an order that, pending trial, the person be—

(1) released on personal recognizance or upon execution of an unsecured appearance bond, under [§ 3142(b)];

(2) released on a condition or combination of conditions under [§ 3142(c)];

(3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under [§ 3142(d)]; or

(4) detained under [§ 3142(e)].

Under § 3142(e), the Court must order detention if, after holding a hearing, it determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Court applies a preponderance of the evidence standard in determining whether the defendant poses a flight risk and a clear and convincing standard in determining whether the defendant poses a danger to the community. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

In determining whether detention is warranted, the Court must consider the following factors 18 U.S.C. § 3142(g):

(1) The nature and circumstances of the offense charged;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Here, the § 3142(g) factors generally weigh in favor of detention. The nature and circumstances of the offense charged is extremely serious. Hughes had ample opportunity to cease his communications with the undercover officer regarding his desired sexual abuse of a nine-year-old child; however, Hughes persisted. He sent nearly ten images and videos of his erect penis in a sexual manner, confirming his sexual gratification from the purported nine-year-old. He also requested the undercover show these images and videos to the purported minor child, which would inflict further sexual abuse on her while simultaneously providing him additional sexual gratification.

The weight of the evidence against Hughes is very strong. Law enforcement confirmed his identity through various investigative means, and additionally his usernames on the platforms reflect personal details about him. His messages from June 2024 to present are extremely representative of his deviant sexual interest in minors. On May 1, 2025, he traveled to an agreed-upon location with the intention of engaging in sexual intercourse with the purported minor child. In a post-*Miranda* interview, Hughes admitted to the conversations over the past ten months and to showing up to the agreed-upon location with the intent to engage in sexual intercourse with a minor child.

Hughes' personal history and characteristics also weigh in favor of detention. Hughes has a mental health history that causes the United States concern relating to his risk of nonappearance. Hughes also is from the United Kingdom originally, presumably still with some ties there that could assist in any desired nonappearance.

Hughes is currently employed as a third-grade teacher, which is the same age of child as he was attempting to coerce and entice over the past ten months to engage in illicit sexual activity with him. Additionally, Hughes lives with two minor children, both approximately seven to ten years old. He has maintained a role of authority over the children he teaches as well as his own children and there exists concern regarding the safety of the community if Hughes were to be released.

The facts above are proffered to the Court and will be supplemented by additional information and argument at the detention hearing in this case.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:    /s/ *Abigail K. King*
       Abigail K. King
       Assistant United States Attorney
       Florida Bar No. 294963
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone: (813) 274-6000
       Facsimile: (813) 274-6358
       E-mail: Abigail.King@usdoj.gov

7

**U.S. v. Hughes**                    **Case No. 8:25-cr-192-CEH-AAS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Counsel of Record

/s/ *Abigail K. King*
Abigail K. King
Assistant United States Attorney
Florida Bar No. 294963
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:   (813) 274-6358
E-mail:      Abigail.King@usdoj.gov